# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| J.W. THIBODEAUX | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:09CV715-HSO-JMR |
| | § | |
| CHIQUITA FRESH NORTH | § | |
| AMERICA, LLC, *et al.* | § | DEFENDANTS |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND

This cause comes before the Court upon the November 6, 2009, Motion to Remand [2] and the November 13, 2009, Supplemental Motion to Remand [4] filed by Plaintiff J. W. Thibodeaux. Plaintiff's Motions seek remand of this case to the Circuit Court of Harrison County, Mississippi, First Judicial District. To date, Defendants have not responded to Plaintiff's Motions [2], [4]. The Court, having considered the record, the pleadings on file, and the relevant legal authorities, finds that Plaintiff's Motion to Remand should be granted, and that Plaintiff's Supplemental Motion to Remand should be denied as moot.

This case was removed to this Court most recently on October 9, 2009, by Defendant Gulf South Forest Products ["Gulf South"], invoking this Court's diversity jurisdiction. *See* Notice of Removal [1], at pp. 1, 5. Defendant alleged that Plaintiff was engaging in forum manipulation, and asserted that it was entitled to an equitable exception to the one-year limit on removal. *See id.* at p. 1; *see also* 28 U.S.C. 1446(b) (stating that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

Plaintiff's Motions point out that the removal was beyond the one-year limitation and the thirty (30) day removal period of 28 U.S.C. § 1446(b). *See* Mot. [2], at pp. 2-3. Both constitute procedural defects in the removal. *See Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513, 516 (5th Cir. 1992) (holding that 28 U.S.C. § 1446(b) is a procedural provision). While Gulf South argues it is entitled to an equitable exception to the one-year limitation in its Notice of Removal, it does not address its delay in removal after the dismissal of non-diverse Defendant Duratex North America, Inc. ["Duratex"]. *See* Notice of Removal [1], at pp. 4-5; *see also* Agreed Order of Dismissal Without Prejudice of Duratex (dated February 25, 2009), attached as Ex. "G" to Notice of Removal (filed October 9, 2009).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Defendants in this case have not carried their burden of establishing this Court's subject matter jurisdiction, nor have they satisfactorily explained their lack of compliance with procedural requirements of the statute. *See* 28 U.S.C. § 1447(c). Finally, because no Defendant has responded to Plaintiff's Motion, the Court will also grant Plaintiff's Motion as unopposed. *See* L.U. CIV. R. 7(b)(3)(E).[1] For all of the foregoing reasons, the Court is of the opinion that Plaintiff's Motion to Remand must be granted.

---

[1] At the time Plaintiff's Motions were filed, and at the time Defendants' Responses were due, the former Uniform Local Rules were in effect. However, former Local Rule 7.2(C)(2) is substantively the same as the current Rule.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [2] the above styled and numbered cause to state court should be, and hereby is, **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Supplemental Motion to Remand [4] should be, and hereby is, **DENIED AS MOOT.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED,** this the 27th day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE